IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RICHARD ESTES, et al.,

           Plaintiffs,

v.                            CIVIL ACTION NO.  2:11-cv-00122

MCDONALD'S RESTAURANTS OF
WEST VIRGINIA INC.,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

On February 24, 2011, Plaintiffs filed a Complaint against Defendant McDonald's Restaurants of West Virginia, Inc. alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").  By Order dated December 20, 2011, the Court, having been advised that this controversy had been compromised and settled, directed that the case be dismissed and retired from the Court's docket. (Docket 16.)   The Court's Order permitted either party to move to re-open the case within ninety days  upon a showing of good cause.  On March 19, 2012, the parties filed their Joint Motion to Reopen the Record for the limited purpose of permitting the Court to review and approve the parties' settlement agreement (Docket 17).  In connection with their joint motion, the parties submitted correspondence to the Court's chambers and a copy of the proposed confidential

settlement agreement for the Court's *in camera* inspection. The parties' correspondence states that they have submitted the settlement agreement "*in camera* to avoid public disclosure."

The settlement of an employee's FLSA action must be approved by a federal court through a stipulated judgment after the court examines the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982). The public's common law right of access to certain judicial records and documents is implicated where, as here, the parties in an FLSA case seek to keep the terms of their settlement agreements confidential. *Boone v. City of Suffolk, Va.,* 679 F.2d 1350, 1353 (11th Cir. 1982). Fourth Circuit precedent requires a district court to first give the public both notice and a reasonable opportunity to challenge any decision to keep such an agreement confidential. *Baker v. Dolgencorp., Inc.*, 818 F. Supp. 2d 940, 942 (E.D. Va. 2011) (citing *In re Knight Publ'g Co.,* 743 F.2d 231, 234-35 (4th Cir. 1984) (holding that the district court erred in closing the courtroom and sealing courtroom documents in a criminal case without first giving the public notice and an opportunity to be heard); *Stone v. Univ. of Md. Med. Sys. Corp.* 855 F.2d 178, 181 (4th Cir. 1988) (extending *Knight* to civil cases); and *Boone*, 79 F. Supp. 2d at 609.

On May 21, 2012, the Court, by written order that was filed on the public docket of this case, scheduled a public hearing on this matter for June 4, 2012, at 10:00 a.m. Notice of the hearing was also provided on the Court's calendar, which is posted on the Court's website. The purpose of scheduling the hearing was to afford the public an opportunity to be heard on the proposed agreement.

On June 4, 2012, counsel for the parties appeared for the public hearing. No member of the public or press attended the hearing. The Court waited until 10:15 a.m. to afford extra time for persons to appear, but none did.

The Court has examined the terms of the proposed settlement and finds them reasonable and fair. Further, the parties have stated that the confidentiality provision of the agreement is "integral" to their agreement. Accordingly, because the terms of the settlement agreement are fair and reasonable, and because the Court has provided notice to the public and has heard no objection by anyone to the parties' proposed settlement or to having the settlement agreement filed under seal, the Court, for good cause shown under the facts of this particular case, **APPROVES** the parties' settlement and **DIRECTS** counsel for Plaintiff to file the fully executed settlement under seal with the Court within ten days of entry of this Order.

It is **ORDERED** that this civil action be, and the same is hereby, **DISMISSED WITH PREJUDICE** and retired from the docket of the Court, subject to reopening on motion of any party, and for good cause shown, within ninety days.

The parties need not submit any additional proposed dismissal or other final order unless it is required by law or is necessary under the terms of any agreement resolving this civil action.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 8, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE